IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


AARON MAKOVEC,

                    Plaintiff,

vs.                                      Case No. 15-1223-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff
supplemental security income payments.  The matter has been
fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On January 29, 2014, administrative law judge (ALJ) Susan W. Conyers issued her decision (R. at 10-21). Plaintiff alleges that she had been disabled since June 11, 2012 (R. at 10). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since June 11, 2012, her

application date (R. at 12).  At step two, the ALJ found that
plaintiff had a severe combination of impairments (R. at 12).
At step three, the ALJ determined that plaintiff's impairments
do not meet or equal a listed impairment (R. at 12).  After
determining plaintiff's RFC (R. at 14-15), the ALJ found at step
four that plaintiff has no past relevant work (R. at 20).  At
step five, the ALJ found that plaintiff could perform other jobs
that exist in significant numbers in the national economy (R. at
20-21).  Therefore, the ALJ concluded that plaintiff was not
disabled (R. at 21).

**III.  Did the ALJ err in the weight accorded to the medical
source opinions provided by Lynette Downing, LCP, and Dr. Cohen?**

Lynette R. Downing, LCP, provided therapy to the plaintiff
in 2012-2013 (R. at 343-360, 378-382, 389-392).  She prepared a
mental RFC assessment for the plaintiff on November 15, 2013.
In 20 categories, LCP Downing found that plaintiff was
moderately impaired in 13 categories, and not significantly
limited in 7 other categories (R. at 397-399).  The ALJ noted
her findings, and then indicated that plaintiff's mental health
treatment notes reveal normal attention and intact memory.
Further, plaintiff's description of his problems to his mental
health providers focuses heavily on his physical complaints.
Therefore, the ALJ concluded that the treatment notes do not
support the degree of limitation in so many areas as found by

5

LCP Downing.   Therefore, the opinion of Ms. Downing was given little weight by the ALJ (R. at 19).

Lynette Downing is listed as an LCP.  An LCP is a licensed clinical psychotherapist.  Gage v. Colvin, 2015 WL 3504431 at *4 (D. Kan. June 3, 2015).  The parties in their briefs argue as to whether an LCP is an acceptable medical source.  Acceptable medical sources include licensed physicians and licensed or certified psychologists.  20 C.F.R. 404.1513(a).  According to SSR 06-03p:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because..."acceptable medical sources" "are the most qualified health care professionals."

SSR 06-03p, 2006 WL 2329939 at *5.  An LCP is an acceptable medical source.  Gage v. Colvin, 2015 WL 3504431 at *5. However, there is no indication that the ALJ in her decision erred by considering LCP Downing as someone other than an acceptable medical source.

The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant.  The opinion of an examining

physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). When a treating source opinion is inconsistent with the other medical evidence, the ALJ's task is to examine the other medical source's reports to see if they outweigh the treating source's reports, not the other way around.  Treating source opinions are given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations.  If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources.  Robinson, 366 F.3d at 1084.

A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Castellano v. Secretary of Health & Human Services, 26 F.3d

1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2),

416.927(d)(2).  When a treating physician opinion is not given

controlling weight, the ALJ must nonetheless specify what lesser

weight he assigned the treating physician opinion.  Robinson v.

Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).  A treating

source opinion not entitled to controlling weight is still

entitled to deference and must be weighed using all of the

following factors:

(1) the length of the treatment relationship and the frequency
of examination;
(2) the nature and extent of the treatment relationship,
including the treatment provided and the kind of examination or
testing performed;
(3) the degree to which the physician's opinion is supported by
relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area
upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to
support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

     After considering the above factors, the ALJ must give good

reasons in his/her decision for the weight he/she ultimately

assigns the opinion.  If the ALJ rejects the opinion completely,

he/she must then give specific, legitimate reasons for doing so.

Watkins, 350 F.3d at 1301.

     In discounting the opinions of LCP Downing, the ALJ stated

that the treatment notes reveal normal attention and intact

memory.  Further, plaintiff's description of his problems to his

mental health providers focuses heavily on his physical complaints (R. at 19). The treatment notes in fact indicate normal attention and intact memory (R. at 391). Furthermore, the treatment notes provide support for the ALJ's assertion that plaintiff's description of his problems to his mental health treatment providers focuses heavily on his physical complaints (R. at 355, 380, 379). The state agency assessment from Dr. Cohen, after a review of the treatment records, indicates that most of his mental health issues are in response to limitations caused by his physical impairments (R. at 107).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice

had the matter been before it de novo.  Oldham v. Astrue, 509
F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ provided reasons for giving limited weight to the
opinions of LCP Downing, a treatment provider.  Furthermore, the
ALJ gave substantial weight to the opinions of Dr. Cohen, a
state agency medical source who examined the medical records.
The reasons given by the ALJ for discounting the opinions of LCP
Downing are consistent with the treatment records and the report
from Dr. Cohen.  Furthermore, the court will note that the
evaluation from LCP Downing provides no narrative discussion or
explanation of her opinions (R. at 397-399).  By contrast, the
report from Dr. Cohen provides a narrative discussion in support
of her findings (R. at 106-107, 111-112).  The court cannot
displace the agency's choice between two fairly conflicting
views, even if the court may have justifiably made a different
choice had the matter been before it de novo.  The court finds
no clear error in the weight accorded by the ALJ to the opinions
of LCP Downing.

Plaintiff also argues that the ALJ erred by failing to make
RFC findings that adequately reflect the opinions of Dr. Cohen,
whose opinions were accorded "substantial" weight by the ALJ.
Dr. Cohen found that plaintiff was moderately limited in his
ability to carry out detailed instructions, in his ability to
maintain attention and concentration for extended periods, and

in his ability to interact with the general public.  In her
narrative discussion, which records Dr. Cohen's actual RFC
assessment, Dr. Cohen stated the following:

> There is no indication of any significant
> cognitive impairment.
>
> The claimant reports problems with focus and
> concentration and has been diagnosed with
> ADHD.  He can attend long enough to complete
> simple tasks, but would likely have
> difficulty with more complex work or work
> requiring sustained attention over time.
>
> The claimant reports that he develops panic
> in social situations, and that he has
> difficulty dealing with stress. At the same
> time he does have friends who come to visit
> and denies having problems with him.  The
> anxiety and stress sensitivity suggests that
> the claimant would have difficulty with work
> that involves providing service to the
> general public.  However he should be able
> to relate appropriately to coworkers and
> supervisors.
>
> From a psychological perspective the
> claimant retains the capacity to complete
> simple tasks in a setting that does not
> require contact with the general public.

(R. at 111, 112).

The ALJ accorded substantial weight to the opinions of Dr.
Cohen (R. at 19), and made mental RFC findings that plaintiff be
limited to simple and routine tasks consistent with unskilled
work involving no more than occasional interaction with the
public.  He will do better working with things than people (R.
at 15).

11

Plaintiff argues that the ALJ erred by failing to include in her RFC findings the opinion of Dr. Cohen that plaintiff had a moderate limitation in his ability to maintain attention and concentration for extended periods.  The facts of this case parallel those of some recent 10th Circuit opinions.  In Lee v. Colvin, 631 Fed. Appx. 538, 541 (10th Cir. Nov. 12, 2015), and Smith v. Colvin, 821 F.3d 1264, 1268-1269 & n.1 (10th Cir. May 9, 2016), the consultant made Section I findings which included a finding that the claimant was moderately limited in their ability to maintain attention and concentration for extended periods (Lee, 631 Fed. Appx. at 542), or moderately limited in their ability to maintain concentration, persistence, and pace (Smith, 821 F.3d at 1268).  However, in both cases, the Section III, or narrative findings, limited plaintiff to simple tasks (Lee, 631 Fed. Appx. at 542), or limited plaintiff to work that was limited in complexity (Smith, 821 F.3d at 1268).  In both cases, the ALJ followed the Section III, or narrative findings, and limited plaintiff to simple work.  Smith, 821 F.3d at 1268-69; Lee, 631 Fed. Appx. at 542).  In both cases, the court found no error when the moderate limitation in concentration, or concentration for extended periods (Section I findings), was not included in the RFC findings because the ALJ adopted the Section III or narrative discussion.  It is the narrative written by the psychiatrist or psychologist in Section III that ALJ's are to

12

use as the assessment of RFC.  Lee, 631 Fed. Appx. at 541.  As
the court indicated in Lee, the Section III narrative, which the
ALJ incorporated in his RFC assessment, reflected, explained,
accounted for, and delimited each of the moderate limitations
expressed in Section I.  Lee, 631 Fed. Appx. at 541-542.

   More recently, in the case of Nelson v. Colvin, 2016 WL
3865856 at *2 (10th Cir. July 12, 2016), the consultant in
Section I found some moderate and marked limitations, including
a moderate limitation in the ability to maintain attention and
concentration for extended periods.  Then, in Section III, the
consultant limited plaintiff to carrying out simple work, and
further determined that plaintiff can interact with supervisors
and coworkers on a superficial basis, but not with the general
public.  The ALJ did not include the moderate limitation in
attention and concentration for extended periods in the RFC
findings.  The court first found no error because the ALJ
incorporated the Section III assessment in the RFC, and further
determined that the Section III narrative adequately captured
the limitations found in Section I.

   Second, the court held that plaintiff was limited to
unskilled work, and the definition of unskilled work, as set out
in SSR 96-9p, does not require the ability to maintain attention
and concentration for extended periods.  For this reason, the
court concluded that by limiting plaintiff to unskilled work,

the ALJ effectively accounted for all of the limitations noted in Section I, including the moderate limitation in the ability to maintain attention and concentration for extended periods Nelson, 2016 WL 3865856 at *2.

In the case before the court, Dr. Cohen found that plaintiff had a moderate limitation in his ability to maintain attention and concentration for extended periods.  In his narrative RFC findings, Dr. Cohen stated that plaintiff can attend long enough to complete simple tasks, but would likely have difficulty with more complex work or work requiring sustained concentration over long periods of time.  The ALJ, in accordance with the narrative RFC findings of Dr. Cohen, limited plaintiff to simple and routine tasks consistent with unskilled work involving no more than occasional interaction with the public.  Lee, Smith, and Nelson clearly indicate that the ALJ did not err by failing to include in her RFC findings the opinion of Dr. Cohen that plaintiff had a moderate limitation in his ability to maintain attention and concentration for extended periods because the ALJ followed the narrative findings of Dr. Cohen which adequately incorporated, captured, reflected, explained, accounted for, and delimited each of the moderate limitations expressed by Dr. Cohen earlier in his assessment.

Furthermore, as the court in Nelson held, plaintiff was limited to simple, unskilled work, and the definition of

14

unskilled work, as set out in SSR 96-9p, does not require the ability to maintain attention and concentration for extended periods.  For this reason, by limiting plaintiff to unskilled work, the ALJ effectively accounted for the moderate limitation in the ability to maintain attention and concentration for extended periods.  <u>Nelson</u>, 2016 WL 3865856 at *2.  For these reasons, the court finds no error in the ALJ's mental RFC findings, which are in accord with the opinions of Dr. Cohen, to whom the ALJ accorded substantial weight.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 17th day of August 2016, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge